Houston, J.
INTRODUCTION
This action arises out of claims brought in connection with the acquisition of assets the Defendants and Plaintiffs-in-Counterclaim, Home Medical of America (“HMA”), purchased from the Plaintiff, National Medical Care (“NMC”). In March of 2000, NMC sued HMA claiming, among other things, that they had failed to pay the full purchase price for the assets. In the fall of 2000, HMA filed counterclaims against NMC claiming NMC failed to disclose and misrepresented material facts relating to the financial condition of the assets it sold to HMA. The counterclaims named two additional companies as Defendants-in-Counterclaim: (1) NMC’s parent company, Fresenius Medical Care Holdings, Inc. (“FMC Holdings”), a New York corporation with a principal place of business in Massachusetts; and (2) NMC’s grandparent company, Fresenius Medical Care AG (“FMC AG”), a German company with a principal place of business in Bad Homburg, Germany. Third-party Defendant FMC AG has moved to dismiss the third-party complaint against it pursuant to Mass.R.Civ.P. 12(b)(2) on the grounds that this court lacks personal jurisdiction. For the reasons set forth below, FMC AG’s Motion to Dismiss for lack of personal jurisdiction is ALLOWED.
BACKGROUND
FMC AG is a publicly owned stock corporation organized and registered under the laws of Germany. It is the holding company for a business that provides dialysis care and manufactures dialysis products for patients throughout the world. FMC AG does not engage in any operations itself. All business operations are conducted by its subsidiaries. Two of these subsidiaries are FMC Holdings, a New York corporation with a principal place of business in Lexington, Massachusetts, and Fresenius Medical Care Deutschland GmbH, a German company with a principal place of business in Bad Homburg, Germany.[4]
FMC AG is not involved in the staffing, marketing, sales or pricing decisions of its subsidiaries, including FMC Holdings. Each subsidiary of FMC AG is responsible for developing and implementing its own budget consistent with FMC AG’s overall budgetary goals. FMC Holdings is responsible for all business operations in the United States and Canada. FMC Holdings is primarily engaged in providing kidney dialysis services, clinical laboratory testing services and manufacturing and distributing products and equipment for dialysis treatment in North America. Other subsidiaries of FMC AG are responsible for all business operations in Asia Pacific, Europe (other than Germany), Africa, Latin America and the Near East.
FMC AG and FMC Holdings have maintained separate headquarters, minute books, accounting records, *128 bank accounts, and budgets. FMC Holdings files its own tax returns in the United States, which are separate from the tax returns filed by FMC AG in Germany. FMC AG and FMC Holdings, however, share one officer, Ben Lipps (“Lipps”). Lipps, a Massachusetts resident, is the Chief Executive Officer of FMC AG, FMC Holdings, and NMC. Lipps is also Chairman of the Management Board of FMC AG, and on the Board of Directors of both FMC Holdings and NMC. In April of 1998, Lipps met with representatives of HMA to discuss the possible sale of NMC’s home health care assets. During those negotiations, Ronald J. Kuerbitz, Senior Vice President and Secretary of FMC Holdings, and Vice President and Secretary of NMC, informed HMA that he had to review elements of the deal with FMC AG. HMA alleges that also during the negotiations, FMC AG’s ownership and backing of NMC was referred to numerous times.
In January of 1998, FMC AG along with the other entities discussed the sale of NMC health care assets with Credit Suisse First Boston. Dr. Gerd Kirk (“Kirk”), Chairman of the Supervisory Board of FMC AG was also involved in the negotiations of the sale of NMC assets. In one correspondence between FMC AG and FMC Holdings the former used the address of FMC Holdings at 95 Hayden Avenue, Lexington, Massachusetts.
FMC AG owns all outstanding shares of common stock of FMC Holdings, but not preferred stock. The preferred stock is publicly owned. FMC Holdings conducts its operations through various subsidiaries, one of which is NMC. NMC is the direct party to the asset transaction at issue doing business as “Fresenius Medical Care North America.” In March of 1999, FMC AG’s CEO Udo Werle (“Werle”) was quoted in an on-line money and investing website to have said FMC AG’s improved financial performance was due to “favorable developments on the reimbursement front in North America, where a substantial portion of our revenue is generated." He said about FMC AG’s future that, “(w]ith over 800 patients enrolled in disease state management projects we are leading this emerging trend in the U.S. Market.. . We expect reimbursement rates in North America, our biggest market, to remain at the currently attractive level in the near-term.”
DISCUSSION
Personal Jurisdiction
A plaintiff against whom a motion to dismiss under Mass.R.Civ.P. 12(b)(2) is filed, bears the burden of showing a proper basis for personal jurisdiction. Good Hope Industries. Inc. v. Ryder Scott, Co., 378 Mass. 1, 2 (1979). In order to satisfy that burden, the plaintiff must show that: (1) the assertion of jurisdiction is authorized under the Massachusetts long-arm statute; and (2) if authorized, the exercise of jurisdiction is consistent with basic due process requirements mandated by the United States Constitution. Id. at 5-6. The plaintiff bears the burden of establishing specific facts on which to predicate jurisdiction over the defendant. Nichols Associates, Inc. v. Starr, 4 Mass.App.Ct. 91, 93-94 (1976).
Longarm Statute
The Massachusetts longarm statute provides in relevant part that a non-resident defendant is subject to personal jurisdiction in Massachusetts if: (1) the defendant directly or by an agent transacts business in the state; and (2) the plaintiffs claim arises out of that transaction of business. G.L.c. 223A, §3(a); Good Hope Industries, Inc., 378 Mass. at 6. Massachusetts courts have broadly construed the phrase “transacting any business,” and this court will apply it to any purposeful acts by an individual, whether personal, private, or commercial. See Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Ross v. Ross, 371 Mass. 439, 441 (1976). While “an isolated transaction without commercial consequences in Massachusetts” may be insufficient to establish jurisdiction, deliberate, non-fortuitous contacts “such that ‘the possible need to invoke the benefits and protections of the forum’s laws was reasonably foreseeable, if not foreseen, rather than a surprise,’ ” are sufficient. See Tatro, 416 Mass. at 767; Good Hope Industries, 378 Mass. at 9-11. Jurisdiction on the basis of “transacting business,” under G.L.c. 223, §3(a), will ordinarily not lie if: (1) the defendant maintains no office, telephone listing, mailing address or bank account in Massachusetts; (2) neither owns, rents nor uses any property in the State; (3) is not qualified to conduct business in the State, solicits no business in Massachusetts; (4) employs no individuals in the State; and (5) has never shipped or delivered any products to Massachusetts. See, e.g., Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 154 (1978); Hems v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. K.G., 26 Mass.App.Ct. 14, 17-18 (1988). See also, Automatic Sprinkler Corporation of America v. Seneca Foods Corporation, 361 Mass. 441, 444-45 (1972); Buckeye Associates Limited v. Fila Sports, Inc., 616 F.Sup. 1484, 1492 (D.Mass. 1985); Accutest Corp. v. Accu Test Systems, Inc 532 F.Sup. 416, 419-20 (D.Mass. 1982). Compare Bond Leather Co. Inc., 764 F.2d 928, 932 (1st. Cir. 1985) (court found that four letters and a telephone call are sufficient to satisfy G.L. 223A, §3(a)). Furthermore, neither the residence nor physical presence in Massachusetts of an officer of a corporation can constitute doing business. Turner v. United Mineral Lands Corp., 308 Mass. 531, 537 (1941).
Under G.L.c. 223A, §3(a), a plaintiff is also required to demonstrate that its claims against the defendant “arise from” the defendant’s transaction of business in Massachusetts. The Massachusetts Supreme Judicial Court ("SJC”) has interpreted this language as establishing a “but for” test, under which “a claim arises from a defendant’s transaction of business in the forum State if the claim was made possible by, or lies in the wake of, the transaction of business in the forum *129 State.” See Tatro, 416 Mass at 770-71. See also Conn. Nat’l Bank v. Hoover Treated Wood Products, Inc., 37 Mass.App.Ct. at 231, 234-35 (1994).
Constitutional Due Process
This court must further determine whether its exercise of personal jurisdiction would satisfy the due process clause of the Fourteenth Amendment, that requires that the defendant have “minimum contacts” with the forum state in order for the state to exercise jurisdiction over the defendant. See Tatro, 416 Mass. at 772-73; Ross, 371 Mass. at 441. A court may assert personal jurisdiction where the defendant has certain minimum contacts with the forum state such that the lawsuit does not “offend traditional notions of fair play and substantial justice.” See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). These minimum contacts must be such that the defendant could reasonably anticipate being brought into the court. Burger King Corp. v. Rudzewick, 471 U.S. 462, 747 (1985).
In order to satisfy this standard, the defendant must have “purposefully [availed itself] of the privilege of conducting activities in the forum State, thus invoking the benefits and protections of its laws” making the defendant’s required presence before the state’s court reasonably foreseeable. See World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980); Hanson v. Denckla, 357 U.S. 235, 253 (1958). The plaintiff has met its burden if the defendant’s contacts with the forum were deliberate and not fortuitous, so that the defendant could reasonably foresee the possible need to invoke the benefits of the forum state. See Good Hope Industries, Inc., 378 Mass. at 11.
FMC AG claims that it has not transacted any business in Massachusetts and therefore is not subject to the personal jurisdiction of this court. HMA contends both that: (1) FMC AG is transacting direct business in Massachusetts; and (2) that Lipps is running the three separate corporations as one entity therefore subjecting the parent and grandparent entities to liability via its subsidiaries. Upon a reading of the complaint together with the affidavits and exhibits submitted, the court finds that HMA has not met its burden in establishing FMC AG’s minimum contacts in Massachusetts. FMC AG is not present in Massachusetts nor does it advertise or solicit business here. FMC AG does not maintain an office, telephone listing, or bank account in Massachusetts. FMC AG neither owns, rents nor uses any property in Massachusetts and employs only Lipps in Massachusetts as an overlapping executive. FMC AG has neither shipped nor delivered products to Massachusetts. Moreover, FMC AG’s use of the mailing address of its subsidiary FMC Holdings in one intra-company correspondence unrelated to the sale of NMC’s assets could not constitute minimum contacts. HMA has only established that FMC AG owns the common stock of its Massachusetts-based subsidiary who was a party to a transaction giving rise to the cause of action which is insufficient alone to support personal jurisdiction.
Piercing the Corporate Veil/ Personal Jurisdiction
The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary. Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 905 (1st Cir. 1980), citing Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 (1925) (and other cases cited). There is a presumption of corporate separateness that must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary. Escude Cruz, 619 F.2d at 905 (citations omitted). Only significant exercise of control by an out-of-state parent corporation over a subsidiary and significant intermingling of officers and directors between parent and subsidiary have served to establish jurisdiction in the State where the subsidiary is conducting its business operations. Kleinerman v. Morse, 26 Mass.App.Ct. 819, 823 (1989) (citations omitted).
A significant exercise of control has been interpreted as running the operations of a subsidiary in Massachusetts. Id. By contrast, ownership alone of the controlling stock of a subsidiary does not confer jurisdiction over an out-of-State parent corporation if the parent does not exercise control over the activities of the subsidiary. My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618-19 (1968); Kleinerman, 26 Mass.App.Ct. at 823. Moreover, approval of a sale by a subsidiary is not enough to establish personal jurisdiction over an international holding company. See e.g., Kramer Motors, Inc., v. British Leyland, Ltd., 628 F.2d 1175, 1177-78 (9th Cir. 1980) (British parent’s approval of a marketing scheme developed by its United States subsidiary does not subject parent to personal jurisdiction). See also Alvarado Morales v. Digital Equip. Corp., 669 F.Sup. 1173, 1181 (D.P.R. 1987) (a parent corporation’s authority to approve or reject plans of its subsidiary does not establish that the parent plans, implements or in any way controls the subsidary); Huang v. Sentinel Government Securities, 657 F.Sup. 485, 490 (S.D.N.Y. 1987) (foreign parent’s approval of subsidiary’s entry into new business does not subject parent to personal jurisdiction).
In the case at bar, the evidence shows only that FMC AG as the grandparent corporation reviewed and approved the sale of its subsidiary, NMC’s assets. The facts before the court do not support HMA’s contention that Lipps operates FMC AG, FMC Holdings, and NMC as a collective corporation. FMC AG’s relationship with its subsidiaries was fully disclosed to HMA prior to and during the transaction, even though FMC AG was not a party to the transaction. At all times, HMA was aware that FMC AG was the grandparent holding corporation for FMC Holdings which in turn was the parent cor *130 poration for NMC. Furthermore, the complaint does not allege particular facts against FMC AG that would enable the court to conclude that FMC AG exercised pervasive control over either FMC Holdings or NMC.
The court concludes that HMA has not met its burden in establishing that FMC AG conducts business in Massachusetts required to support the assertion of jurisdiction under the Massachusetts long-arm statute. The court further concludes that HMA has not met its burden in establishing that FMC AG exercised significant control over its Massachusetts-based subsidiary sufficient to pierce the corporate veil and hold the grandparent subject to personal jurisdiction.
ORDER
For the above reasons, it is hereby ORDERED that the Third-party Defendant’s Motion to Dismiss be ALLOWED.

FMC Holdings is a Defendant-in-Counterclaim in this action as named in the caption.