WILLIAM C. ROBERTS & another[1] *vs.* LEGENDARY MARINE SALES.

Norfolk. November 7, 2006. - December 12, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Jurisdiction,* Personal, Long-arm statute.

A Superior Court judge did not err in dismissing a civil complaint for lack of personal jurisdiction over the defendant, a Florida corporation, where the plaintiff failed to establish any basis for jurisdiction enumerated in the Massachusetts long-arm statute, G. L. c. 223A, § 3. [862-865]

CIVIL ACTION commenced in the Superior Court Department on May 22, 2003.

A motion to dismiss was heard by *Isaac Borenstein,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Joseph D. Kropp* for the defendant.

*Richard A. Eustis* for the plaintiffs.

GREANEY, J. We granted the defendant's application for further appellate review to decide whether the Superior Court had personal jurisdiction over the defendant, a Florida corporation. We conclude that personal jurisdiction was not conferred over the defendant under our long-arm statute, G. L. c. 223A, § 3, and affirm the judgment dismissing the plaintiffs' complaint.

The facts before the judge who allowed the defendant's motion to dismiss are as follows. The defendant, Legendary Marine Sales, is a Florida corporation having places of business in Destin, Florida, and Orange Beach, Alabama, and is a dealer for several boat manufacturers, including Fountain Powerboats of Washington, North Carolina. The defendant is primarily engaged in the business of selling new and used boats. In March and April of 2002, the defendant had approximately twenty-five

---

[1]William A. Roberts.

employees, and sold about twenty-five boats a month. Of the defendant's sales, approximately eighty per cent were to Florida residents; fifteen per cent were to residents of Alabama and Georgia; and the remaining sales were to residents of a few nearby southern States.

The defendant has never maintained offices, nor has been represented by any agents or employees, in Massachusetts. The sale to the plaintiffs is the only sale the defendant ever made to a Massachusetts resident. The defendant does not advertise in any media specifically aimed at Massachusetts. The defendant advertises boats for sale in Boat Trader, an advertising booklet distributed in the North Florida area, and also advertises on Boat Trader's Web site.

The plaintiffs are Massachusetts residents. In March, 2002, the plaintiff William A. Roberts (William A.), viewed an advertisement placed by the defendant on Boat Trader's Web site. The advertisement stated: "1999 38' Fountain Lightning with Twin 500 EFJ's/Never Titled/This Boat lists at over $280,000/Watch the competition disappear in your mist/THIS COULD BE THE BUY OF A LIFETIME/*ONLY TEN HOURS ON BOAT*/Make an offer." The advertisement indicated that the boat was located at the defendant's place of business in Destin, Florida.

William A. telephoned the defendant about the boat. He spoke with John Hodskins, the defendant's designated sales representative for Fountain Powerboats. William A. informed Hodskins that he lived in Massachusetts and wanted to purchase a boat that he would use and store in Massachusetts. Hodskins repeatedly referred to the advertised boat as "new," and stated that there were only ten hours of use on each engine on the boat.

Several telephone conversations and e-mail communications between William A. and Hodskins followed.[2] Eventually William A. agreed, on the telephone, to purchase the boat for $150,000. The defendant mailed a purchase agreement to William A. in Massachusetts. William A. signed the agreement and

---

[2] An exact or approximate number of communications does not appear in the record, nor does the plaintiff detail who initiated such communications or state the substance of the communications.

mailed it back to the defendant. The plaintiffs sent payment to Florida.

During negotiations, the plaintiffs' financing agent required a boat survey or inspection. William A. hired a Florida boat surveyor, one recommended by the defendant, to examine the boat in Florida. The surveyor informed the plaintiffs of several defects and problems, all of which the defendant promised to remedy.

William A. hired an independent contractor from Florida, one recommended by the defendant, to take possession and transport the boat from Florida to Massachusetts. Soon after the boat was delivered in June, 2002, William A. had it serviced and learned that many of the defects and problems had not been corrected. In addition, William A. was informed that the boat had a broken fuel pump and other mechanical problems, and that the actual hours on the boat's engines were seventy-four and seventy-six hours, respectively.

The plaintiffs filed suit in the Superior Court in May, 2003, alleging breach of contract, breach of implied warranty, breach of express warranty, intentional misrepresentation, negligent misrepresentation, breach of warranty under the Uniform Commercial Code, and violations of G. L. c. 93A. The defendant moved to dismiss under Mass. R. Civ. P. 12 (b) (2), 365 Mass. 754 (1974), for lack of personal jurisdiction. The judge allowed the motion, concluding that the plaintiffs had not satisfied the first four provisions of the long-arm statute, G. L. c. 223A, § 3 (*a*)-(*d*). The plaintiffs appealed and the Appeals Court reversed, concluding that jurisdiction was conferred under G. L. c. 223A, § 3 (*c*) ("causing tortious injury by an act or omission in this commonwealth"), and did not offend basic due process requirements required by the United States Constitution. See *Roberts* v. *Legendary Marine Sales*, 65 Mass. App. Ct. 198, 203-204 (2005).

1. In *Intech, Inc.* v. *Triple "C" Marine Salvage, Inc.*, 444 Mass. 122, 125 (2005) (*Intech, Inc.*), we set forth the well-settled principles governing the determination of personal jurisdiction. "A Massachusetts court may acquire personal jurisdiction over a nonresident 'when some basis for jurisdiction enumerated in the statute has been established.' *Good Hope*

*Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 6 (1979)." *Intech, Inc.*, *supra*. The long-arm statute provides, in pertinent part:

> "A [Massachusetts] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (*a*) transacting any business in this commonwealth; (*b*) contracting to supply services or things in this commonwealth; (*c*) causing tortious injury by an act or omission in this commonwealth; [and] (*d*) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth."

G. L. c. 223A, § 3. We went on to state in *Intech, Inc.*, *supra*:

> "The term 'person' is defined in G. L. c. 223A, § 1, to include a corporation. 'A plaintiff has the burden of establishing facts to show that the ground relied on under § 3 is present.' *Tatro* v. *Manor Care, Inc.*, 416 Mass. 763, 767 (1994). 'If the literal requirements of the statute are satisfied, it also must be established that "the exercise of jurisdiction under State law [is] consistent with basic due process requirements mandated by the United States Constitution."' *Id.*, quoting *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, *supra* at 5-6."

2. The plaintiffs' first basis for personal jurisdiction relies on G. L. c. 223A, § 3 (*a*). "For jurisdiction to exist under § 3 (*a*), the facts must satisfy two requirements — the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant." *Tatro* v. *Manor Care, Inc.*, *supra*. Our decisions of *Droukas* v. *Divers Training Academy, Inc.*, 375 Mass. 149 (1979), and *Intech, Inc.*, *supra*, govern. As in those cases, the transaction here "was an isolated one lacking a justifiable ground on which to assert jurisdiction."[3] *Intech, Inc.*, *supra* at 126, citing *Droukas* v. *Divers Training Academy, Inc.*, *supra* at

---

[3] We recognize that there were several telephone and e-mail communications between the parties. Because a lack of detail in the record exists regard-

154. The case of *Workgroup Tech. Corp.* v. *MGM Grand Hotel, LLC*, 246 F. Supp. 2d 102 (D. Mass. 2003), involved circumstances and contacts distinguishable from those present here. In addition, contrary to what occurred in *Carlson Corp.* v. *University of Vt.*, 380 Mass. 102, 104 (1980), the defendant did not sign the purchase agreement in Massachusetts.

3. The defendant cannot be said to have contracted to "supply . . . things in this commonwealth" so as to subject it to jurisdiction under G. L. c. 223A, § 3 (*b*). As explained correctly by the Appeals Court, "[a]s in *Droukas*, [*supra* at 157-159] an independent boat shipper was hired and paid by [William A.] for the boat to be shipped to Massachusetts." *Roberts* v. *Legendary Marine Sales*, *supra* at 200. See *Intech, Inc.*, *supra* at 125.

4. The plaintiffs argue that all of their claims involve the defendant's misrepresentations concerning the age and condition of the boat. As such, the plaintiffs contend that personal jurisdiction over the defendant under G. L. c. 223A, § 3 (*c*), is appropriate because the defendant, by "knowingly communicating false statements" to the plaintiffs, caused tortious injury in Massachusetts. We disagree.

The injury suffered by the plaintiffs is a monetary injury. Essentially the plaintiffs contend that, but for the defendant's misrepresentations, they would not have executed the contract to purchase the boat and they would not have incurred expenditures related to its purchase (such as inspections of the boat). The substance of the plaintiffs' complaint is contractual. The damages sought are grounded in breach of contract and do not constitute "tortious injury" as contemplated under § 3 (*c*). See *REMF Corp.* v. *Miranda*, 60 Mass. App. Ct. 905, 907 n.4 (2004).[4]

5. We reject the plaintiffs' assertion that personal jurisdiction is proper under § 3 (*d*) of the long-arm statute. It is of course

ing those communications, see note 2, *supra*, those communications cannot be said to amount to anything more than incidental communications.

[4]Federal court decisions concerning jurisdiction under G. L. c. 223A, § 3 (*c*), have not had the benefit of our determination of the reach of this provision of the long-arm statute in this context, see *Murphy* v. *Erwin-Wasey, Inc.*, 460 F.2d 661, 663 (1st Cir. 1972), and have typically taken a "more expansive view" than Massachusetts of personal jurisdiction, see *Splaine* v. *Modern Electroplating, Inc.*, 17 Mass. App. Ct. 612, 620 n.9 (1984).

true that the defendant advertised the boat on a Web site that had the potential of "reach[ing] potential clients in Massachusetts." That fact does not establish jurisdiction in the absence of any specific showing by the plaintiffs that the Web site did anything beyond providing information. See Note, A "Category-Specific" Legislative Approach to the Internet Personal Jurisdiction Problem in U.S. Law, 117 Harv. L. Rev. 1617, 1618 (2004) (describing three categories of Web sites and explaining generally that jurisdictional analysis turns on category involved). The plaintiffs also have not shown that the defendant purposefully attempted to conduct business or solicit business *in Massachusetts* either by means of the Web site or otherwise. Similarly, because the boat sale was the only transaction the defendant ever entered into with a Massachusetts resident, the record lacks any "persistent course of conduct" on the defendant's part in Massachusetts. The defendant may have earned an unspecified profit on the sale of the boat to the plaintiffs, but the sale was one of approximately twenty-five made in one month, and the plaintiffs have not demonstrated that the defendant "derives substantial revenue" from transactions in Massachusetts.

6. Having concluded that the long-arm statute does not provide a basis for conferring personal jurisdiction over the defendant, "we need not inquire into the constitutional constraints on the exercise of jurisdiction under the statute." *Morrill* v. *Tong*, 390 Mass. 120, 133 (1983) (noting, however, that it is doubtful on this record that the exercise of jurisdiction under the long-arm statute would comport with due process).

*Judgment affirmed.*