Murtagh, Thomas R., J.
This action arises out of the nonpayment of insurance proceeds allegedly caused by the defendants’ failure to name the plaintiff as loss payee on the insurance policy. The plaintiff alleges breach of contract, intentional misrepresentation, and violations of G.L.c. 93A and 176D. Currently before this court is the defendants’ motion to dismiss for lack of personal jurisdiction. For the reasons that follow, the defendants’ motion is ALLOWED.

BACKGROUND

This court’s inquiry into whether the exercise of personal jurisdiction is permissible is sensitive to the specific underlying facts. Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 2 (1979). The court therefore considers the following undisputed facts taken from the parties’ affidavits and exhibits in addition to assuming as true the facts pleaded in the plaintiffs verified complaint. Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978).
The plaintiff, National Finance Corporation (“National”), is a Massachusetts commercial lending corporation. The defendant, SJD Insurance Agency, Inc. (“SJD”), is an insurance brokerage company with its principal and only place of business in New Hampshire. SJD does not own or maintain an office, employ *165 ees, agents, bank accounts, or real estate in Massachusetts nor does it solicit business or advertise its services within the state. Steven J. Drohan (“Drohan”) is the sole insurance broker at SJD and a New Hampshire domiciliary. He is licensed to do business only in New Hampshire.
On September 9, 2004, National extended a loan to Massachusetts resident Donald E. Loveland d/b/a Loveland Co. (“Loveland”) in order to finance the purchase of three tractors.
National received a security interest in these tractors (among other property) and required Loveland to obtain comprehensive liability insurance naming National as loss payee. Loveland initially obtained the requisite coverage through a Massachusetts insurance agency. In September of 2005, Loveland relocated to New Hampshire. National, based on prior familiarity, recommended that Loveland obtain replacement coverage through SJD.[2] Consequently, Loveland hired SJD to procure a policy on his behalf and secured premium financing through First Insurance Funding Corporation (“FIFC”). SJD thereafter procured a policy issued by Empire Fire and Marine Insurance Company (“Empire”).
A series of telephonic and electronic communications subsequently occurred in which Drohan and other representatives of SJD repeatedly informed National that it was listed as the loss payee on Loveland’s policy. On April 4, 2006, National contacted SJD via facsimile seeking to obtain certificates of insurance confirming Loveland’s coverage. Two days later, SJD faxed an ACORD certificate to National which expressly stated that “National Finance Corporation is listed as loss payee” on the tractors. It is alleged that National relied on these representations in deciding not to repossess the trucks or obtain its own insurance coverage.
A short while later, Loveland defaulted on his FIFC loan causing FIFC to request that Empire cancel Loveland’s policy. As a result, Empire cancelled the policy on May 5,2006. National neither received notice of Empire’s intention to cancel or confirmation that it did in fact cancel the policy.
On or about May 16, 2006, the tractors were completely damaged by fire. National thereafter submitted a claim to Empire but was denied because of the policy’s prior cancellation. Empire further informed National that SJD had never requested that National be listed as loss payee.

DISCUSSION

The principles governing the exercise of personal jurisdiction are well established. Whether a Massachusetts court may acquire jurisdiction over a nonresident party is a two-fold inquiry. The first is whether the assertion of jurisdiction is authorized by statute. The second is whether exercising jurisdiction comports with the due process requirements of the United States Constitution. Good Hope Indus., Inc., 378 Mass. at 5-6. Facing a motion to dismiss under Mass.R.Civ.P. 12(b)(2), National bears the burden of establishing sufficient facts on which to predicate jurisdiction over the defendants. Droukas, 375 Mass. at 151.
This court will first consider the constitutional implications of National’s assertion. The “constitutional touchstone” in determining whether the exercise of personal jurisdiction comports with due process is whether the defendants purposefully established “minimum contacts” in the forum state. Tatro v. Manor Care, Inc., 416 Mass. 763, 772 (1994), quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Those contacts must have some basis in an act by which the defendants purposefully availed themselves of the privilege of conducting activities within the forum state, the plaintiffs claim must arise out of, or relate to, those contacts, and the assertion of jurisdiction must be reasonable, i.e., it must not offend “traditional notions of fair play and substantial justice.” Id. at 772-73.[3]
National argues that the defendants purposefully availed themselves by intentionally misrepresenting the fact that National was listed as loss payee on Loveland’s policy. The defendants argue that a misrepresentation arising only from responses to National’s request for information is insufficient to satisfy this constitutional requirement.
A careful review of the pertinent Massachusetts case law reveals a split of authority regarding the court’s proper focus when determining whether a defendant purposefully availed himself of the forum state’s jurisdiction. On one hand, two appellate decisions suggest that the intent element underlying the tort of misrepresentation is sufficient to confer jurisdiction. See Rye v. Atlas Hotels, Inc., 30 Mass.App.Ct. 904, 906 (1991) (holding single act of misrepresenting intent to settle lawsuit sufficient to confer jurisdiction), reversed on other grounds, Tatro, 416 Mass. at 772 n.5; Burtner v. Burnham, 13 Mass.App.Ct. 158, 164 (1982) (misrepresentation of property acreage was sufficiently intentional to give Massachusetts jurisdiction).[4] Sandwiched chronologically between these two cases is another holding of the Appeals Court which does not focus upon the tort’s element of intent but rather examined whether the defendant sought out and initiated the relationship giving rise to the underlying suit. See Sulaine v. Modern Electroplating, Inc., 17 Mass.App.Ct. 612, 619 (1984) (holding that there was no jurisdiction where the only communications were initiated by the plaintiff).
Federal courts from the First Circuit reveal a similar split in authority. Many of the cases hold that the defendant purposefully availed himself of Massachusetts laws by engaging in an intentional tort causing injury within the state much like “the frequently hypothesized but rarely encountered gunman firing across a state line.” Ealing Corp. v. Harrods, Ltd., 790 *166 F.2d 978, 983 (1st Cir. 1986); see also Murphy, 460 F.2d at 664 (check mailed to state with the intent to misrepresent amount due sufficient for jurisdictional purposes); Levin v. Harned, 304 F.Sup.2d 136, 154 (D.Mass. 2003) (holding that committing an intentional tort outside of the state which causes injury in the state is sufficient to satisfy purposeful availment analysis). An increasing amount of other decisions require the defendant to have voluntarily decided to pursue benefits in Massachusetts in order to confer jurisdiction. See Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., 764 F.2d 928, 934 (1st Cir. 1985). Oftentimes, this line of analysis turns on whether the defendant initiated the communications that gave rise to the cause of action. See Laforest v. Ameriquest Mortgage Co., 383 F.Sup.2d 278, 286 (D.Mass. 2005) (defendant did not avail himself of forum state by merely responding to plaintiffs communications); Callahan v. Harvest Bd. Int’l Inc., 138 F.Sup.2d 147, 161-62 (D.Mass. 2001) (same).
Unfortunately, the Supreme Judicial Court has yet to rule on this issue. A recent decision, however, suggests that our highest state court disagrees with those predominantly federal cases which hold the tort’s intent requirement sufficient to satisfy due process requirements. In Roberts v. Legendary Marine Sales, 447 Mass. 860 (2006), the plaintiff sued a nonresident boat retailer for intentional misrepresentation, among other counts. In part, the Court held that the plaintiff had not satisfied subsection (c) of the longarm statute due to circumstances not relevant to the present case. However, in important dicta, the Court pointed out that certain federal cases, including the seminal Murphy decision, did not have “the benefit of our determination of the reach of this provision.” Id. at 864 n.4. The Court, in endorsing the Splaine decision, further noted that the federal courts typically construe jurisdiction more expansively than do Massachusetts courts. Id. As a result, this court is persuaded that the Supreme Judicial Court would require more purposeful conduct engaged in voluntarily by the defendant than simply the intent element underlying the tort of misrepresentation.
In the present case, the alleged misrepresentation arose from a series of communications between National and a representative of SJD. From the current record, it appears as though National initiated these communications. It is undisputed that one such communication, the ACORD certificate, was faxed to National upon its request. As for the other communications, it is only alleged that National “communicated directly with” a SJD representative who repeatedly misrepresented National’s loss payee status. Importantly, National does not allege that SJD initiated these communications. In light of the fact that SJD bore no obligation to provide this information to National and did not derive any benefits from its dissemination, it can properly be assumed that National, the party which required this information, initiated the communications with SJD.
It is also important to note that SJD and Drohan do not conduct any other business in Massachusetts, do not solicit or advertise their business here, and do not own any real estate or bank accounts within the commonwealth’s borders. This court therefore holds that, absent any other contacts, a nonresident’s intentional misrepresentation arising from communications initiated by the resident plaintiff is insufficiently purposeful and voluntary to comport with due process requirements. Splaine, 17 Mass.App.Ct. at 619-20; Callahan, 138 F.Sup.2d at 161-62. Accordingly, this court finds that Massachusetts cannot exercise jurisdiction over the defendants without offending traditional notions of fair play and substantial justice.[5]

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendants’ Motion to Dismiss for lack of personal jurisdiction is ALLOWED.

SJD had served as the insurance broker for National’s clients on multiple occasions over the last six years.

The court’ concern here is premised on specific, rather than general, jurisdiction. The entirety of the defendants’ activities in Massachusetts does not approach the level needed for an assertion of general jurisdiction.

Although these cases analyze jurisdiction under the longarm statute only, they expressly adopt and approve of the First Circuit’s decision in Murphy v. Erwin-Masey, Inc., 460 F.2d 661 (1st Cir. 1972), which held that the intent element of misrepresentation is sufficient for constitutional due process purposes.

As National has not satisfied the constitutional requirements, there is no need to analyze jurisdiction under any of the subsections of the longarm statute. See Splaine, 17 Mass.App.Ct. at 614; Callahan, 138 F.Sup.2d at 158.