Fahey, Elizabeth M., J.
The plaintiff, Gary LaFond (“LaFond”), was injured when one of his ski bindings broke while he was skiing in Utah. LaFond brought this action against Salomon North America, Inc., Amer Sports Winter & Outdoor Company (“ASWO”), and Salomon S.A., asserting claims of negligence, breach of implied warranty of merchantability, and violation of G.L.c. 93A. The action is now before the court on Salomon, SA’s motion to dismiss for lack of personal jurisdiction. For the following reasons, the motion is DENIED.
BACKGROUND
The following relevant jurisdictional facts are taken from the materials before the court. LaFond is a resident of Massachusetts. Salomon S.A. is a French corporation with its principal place of business in Annecy, France.[2] According to the declaration of the senior legal counsel for Salomon S.A.’s European legal department, Laurence Grollier (“Grollier”), Salomon S.A. does not maintain an office, employees, agents, or real property in Massachusetts. It distributes its Salomon-branded products in the United States through a single entity, ASWO, which submits orders to Salomon S.A. in France. Salomon S.A. then ships the products to AWSO in Ogden, Utah, but it has no further involvement or control over the resale and distribution of the shipped products. Salomon S.A. has not entered into any contracts to perform services in Massachusetts.
Salomon S.A. has not visited Massachusetts to market, promote, or solicit sales of its products, including the binding that allegedly caused LaFond’s injury. Salomon S.A. does maintain a website, www.salomon.com (“Website”), which is accessible (presumably all the time) in Massachusetts. The Website includes information on Salomon products, but U.S. consumers may not purchase such products directly through the Website. If a consumer wishes to purchase a Salomon product, however, the Website includes a search function whereby said consumer can locate area retail stores that sell Salomon-branded products. Counsel for LaFond avers in an affidavit that she conducted such a search on the website and located fifty-six Massachusetts retailers that sell Salomon products.
In June 2004, LaFond accessed the Website and researched different Salomon alpine ski bindings. Based in part on the information the Website provided, LaFond decided to buy Salomon 912Ti alpine ski bindings. Knowing that Bob Smith’s Wilderness House (“Wilderness House”) sold Salomon products at its Boston location, he visited that store to buy the Salomon 912T1 bindings, doing so in June 2004.
LaFond alleges that he was skiing in Alta, Utah on January 20, 2007, when the heel plate of his left ski binding broke, causing him to fall and injure himself seriously. Upon returning to Massachusetts, LaFond brought the defective binding back to Wilderness House, reported his Januaiy 20, 2007 accident to the store, and requested that the defective binding be replaced with a new Salomon binding. The materials before the court indicate that a new binding was *420 shipped to Wilderness House, but it is not clear who shipped the binding.
DISCUSSION
In order for a Massachusetts court to exercise personal jurisdiction over a non-resident defendant, the defendant’s conduct must fall within the limits of the Massachusetts long-arm statute, G.L.c. 223A, §3(a)-(h). See Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979). In addition, the exercise of personal jurisdiction must comply with the due process requirements of the U.S. Constitution. See id. at 5-6. These two parts often converge into a single inquiry, because G.L.c. 223A “functions as ‘an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States.’ ” Id. at 6, quoting “Automatic” Sprinkler Corp. of Am. v. Seneca Foods Corp., 361 Mass. 441, 443 (1972).
When confronted with a motion to dismiss under Mass.R.Civ.P. 12(b)(2), the plaintiff bears the burden of establishing facts sufficient to show that the Massachusetts’ court has personal jurisdiction over the defendant. See Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978). The court views the jurisdictional facts in the light most favorable to the plaintiff. See Cepeda v. Kass, 62 Mass.App.Ct. 732, 738 (2004). Nevertheless, the court does not have to “credit conclusory allegations or draw farfetched inferences.” Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F.Sup.2d 102, 108 (D.Mass. 2003) (citations omitted).
I. Long-Arm Statute
LaFond argues that this court may exercise personal jurisdiction over Salomon S.A. based on three provisions of the long-arm statute, G.L.c. 223A, §3(a), (b), and (f). Because this court finds that jurisdiction is appropriate under G.L.c. 223A, §3(a), it will not address the other provisions.
A. G.L.c. 223A, §3(a)
“A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s (a) transacting any business in this commonwealth . . .” G.L.c. 223A, §3(a). The “transacting any business” language is construed broadly. See Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). “Although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement.” Id.
This court concludes that Salomon S.A. has engaged in such purposeful and successful solicitation of business from Massachusetts residents via the Website.[3] The Website is not merely a passive instrument that only presents information about Salomon products. See McBee v. Delica Co., 417 F.3d 107, 124 (1st Cir. 2005) (“[T]he mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum”); Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Sup. 1119, 1124 (W.D.Pa. 1997) (“A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction"). Rather, it explicitly solicits business from Massachusetts residents by directing them to Massachusetts’ retailers that sell Salomon products.
By thus soliciting business, Salomon S.A. purposefully targets Massachusetts’ residents through the Website. Compare Comer v. Comer, 295 F.Sup.2d 201, 209-10 (D.Mass. 2003) (no personal jurisdiction over defendant pursuant to G.L.c. 223A, §3(a) where “website is ‘passive’ — i.e., it only posts information for those who are interested and, admittedly, makes no mention of any ties to Massachusetts”); Berry v. Cook, 2011 WL 5841768 at *4 (Mass.Super. 2011) [29 Mass. L. Rptr. 97] (advertisement of vacation home through website does not confer personal jurisdiction pursuant to G.L.c. 223A, §3(a) where no evidence that website specifically targeted Massachusetts residents). Cf. Roberts v. Legendary Marine Sales, 447 Mass. 860, 864-65 (2006) (no personal jurisdiction over defendant pursuant to G.L.c. 223A, §3(d) where website only provided information and did not solicit business in Massachusetts). Accordingly, Salomon S.A. transacts business in Massachusetts.
Further, LaFond’s claims against Salomon S.A. arise out of this business where he stated in an affidavit that he purchased the binding at issue in part based on research he conducted on the Website. See Tatro, 416 Mass. at 771 (construing §3(a)’s “arising from” language as broadly as “transacting business” language, and holding that “a claim arises from a defendant’s transaction of business in the forum State if the claim was made possible by, or lies in the wake of, the transaction of business in the forum State” (citation omitted)).
The literal requirements of the long-arm statute have therefore been satisfied.
II. Due Process
In addition to fulfilling the statutory requirement of G.L.c. 223A, §3, an assertion of personal jurisdiction over the defendant must also comply with the due process requirements of the United States Constitution. See Good Hope Indus., Inc., 378 Mass. at 5-6. Due process requires that the non-resident defendant have “some minimum contact with the Commonwealth which resulted from an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State to defend the action.” Id. at 7. In determining whether the exercise of specific jurisdiction comports with due process, the court must first examine whether “the defendant purposely avails itself of the privilege of *421 conducting activities in the forum State, thus invoking the benefits and protections of its laws.” Hanson v. Denckla, 357 U.S. 235, 253 (1958). The lawsuit must also arise from or relate to the defendant’s specific conduct in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985). Finally, the court may not exercise personal jurisdiction over the defendant under circumstances “that would offend ‘traditional notions of fair play and substantial justice.’ ” Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
A.Purposeful Availment
As discussed above, via the website, Salomon specifically targets Massachusetts’ residents and solicits their business. The evidence before this court also indicates that Salomon S.A. fulfills orders it receives from ASWO, the sole distributor of Salomon products in the United States, which then distributes those products to retailers in various states, including Massachusetts. Salomon S.A. lists fifty-six Massachusetts retailers on the Website, and it has clearly not instructed ASWO to refrain from distributing Salomon products to Massachusetts. As such, viewing the facts in the light most favorable to LaFond, Salomon S.A. purposefully avails itself of the benefits of doing business in Massachusetts by placing its products in the stream of commerce with the intention of reaching consumers, including consumers in Massachusetts.
As the United States District Court in Massachusetts has stated, the purposeful availment “requirement goes beyond simple ‘foreseeability’ to ensure that only those defendants that willingly and purposefully avail themselves of the benefits of a state will be brought to court there.” Hasbro, Inc. v. Clue Computing, Inc., 994 F.Sup. 34, 44-45 (D.Mass. 1997) (personal jurisdiction over defendant complied with due process where it directed its advertising website to all states, doing nothing to avoid Massachusetts); see also Gather, Inc. v. Gatheroo, LLC, 443 F.Sup.2d 108, 117-18 (D.Mass. 2006) (distinguishing case where defendant prohibited sales in forum state and noting that “[n]o such limitation is found in Gatheroo’s [web]site”). Compare Accutest Corp. v. Accu Test Sys., Inc., 532 F.Sup. 416, 420 (D.Mass. 1982) (no personal jurisdiction where, “by instructing its underwriters not to sell stock in Massachusetts, defendant seems to have purposefully sought to avoid activity in this forum”). Salomon S.A.’s contacts with Massachusetts comply with this requirement.
B.Relatedness
This court has already concluded that LaFond’s claims against Salomon S.A. arise from the latter’s contacts with Massachusetts, so this due process requirement is fulfilled. See Back Bay Farm, LLC v. Collucio, 230 F.Sup.2d 176, 186 (D.Mass. 2002) (“Here, as the court has already determined, Plaintiff s claim arises from Defendant’s Massachusetts activity. The relatedness element has thus been met”).
C.Fair Play and Substantial Justice
In determining whether its exercise of personal jurisdiction over a defendant constitutes fair play and substantial justice, a court examines the following factors: “(1) the burden on the defendant in appearing; (2) the interest of the forum state in adjudicating the dispute; (3) the interest of the plaintiff in obtaining convenient and effective relief: (4) the interest of the judicial system in obtaining the most effective resolution of the controversy; and (5) the interests common to all sovereigns in promoting substantive social policies.” Back Bay Farm LLC, 230 F.Sup.2d at 187.
As for the first factor, it “is only meaningful where a party can demonstrate some kind of special or unusual burden.” Hasbro, Inc., 994 F.Sup. at 45, quoting Pritzker v. Yari, 42 F.3d 153, 64 (1st Cir. 1994). While Salomon S.A. claims that because it is a French company with no office or personnel located in Massachusetts, having to defend itself in Massachusetts would put it at a severe disadvantage, it does not differentiate itself from any other alien corporation with no presence in the forum state.[4] As such, Salomon S.A. has not shown any special or unusual burden, and the first factor holds no significance.
The court finds that the next four factors weigh in favor of this court asserting personal jurisdiction over Salomon S.A. First, Massachusetts clearly has an interest in adjudicating the claims of one of its residents injured by a product sold in Massachusetts and provided by a company that specifically solicits Massachusetts business. Second, as the United States District Court in Massachusetts has recognized, “[t]he average consumer who is injured by a defective product generally lacks the resources necessary to enable him to prosecute his claim effectively against the manufacturer who is situated in a distant jurisdiction.” Mark v. Obear & Sons, Inc., 313 F.Sup. 373, 376 (D.Mass. 1970). This is especially true here where Salomon S.A. is located in a distant foreign country. Third, because witnesses, medical records, documents, and other evidence in this case are likely scattered among Utah (where LaFond’s accident occurred), Massachusetts (where LaFond resides and where the binding was sold), and France (presumably where Salomon S.A. designed and manufactured the binding), Massachusetts is as effective a forum location as Utah or France. Similarly, while Massachusetts and France both have an interest in promoting substantive social policies, Massachusetts’ interest is stronger here given the facts of this case.
Finally, this court notes that failing to assert personal jurisdiction over Salomon S.A. in this case would in fact not comply with traditional notions of fair play and substantial justice. This court declines to permit “a manufacturer such as [Salomon S.A.] whose plant is a great distance from the State where it causes its *422 products to be marketed ... as a practical matter [to] insulate itself against suits by injured consumers by the simple expedient of [providing] its products through an independent distributor.” Mark, 313 F.Sup. at 376.
ORDER
Based on the foregoing, it is hereby ORDERED that Salomon S.A.’s motion to dismiss for lack of personal jurisdiction is DENIED.

Ahe corporation states that LaFond has mistakenly referred to it as Salomon S.A., whereas its title should be Salomon S.A.S. Given that the corporation has been entered into the court’s docket as Salomon S.A., the court will use that title.

It appears that the question of whether a website may confer specific personal jurisdiction over a defendant pursuant to G.L.c. 223A, §3(a) is one of first impression in Massachusetts state courts. The parties did not cite, and this court could not find any Supreme Judicial Court or Appeals Court case addressing the question. This court considered reporting to the Appeals Court the correctness of its decision regarding personal jurisdiction over Salomon S.A., but, after thoroughly examining the relevant facts and law, ultimately decided not to do so.

Additionally, the case Salomon S.A. cites to support its assertion that its status as a French company with no Massachusetts presence provides a basis to deny personal jurisdiction is not a personal jurisdiction case. Rather, the case, The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), deals with a forum selection clause in a contract between the parties.