Wrenn, Daniel M., J.
The primary plaintiff Christopher Soulor was injured on March 10, 2008. At that time Mr. Soulor was an employee of Jeffco Fibres, Inc. in Webster, Massachusetts and was working with a Roll Coater machine in the course of his employment.
The subject machine, that being the Roll Coater machine, was manufactured and designed by C3 Corporation. C3 Corporation is a corporation duly established and organized under the laws of Wisconsin and has its principal place of business in Appleton, Wisconsin. It is stipulated and agreed that C3 Corporation has no offices in Massachusetts.
In July of 2006 C3 Corporation sold the subject machine to the co-defendant Alpha Adhesives, Inc. Alpha Adhesives, Inc. is aNew Jersey corporation and the sale between the defendants of the subject machine involved no transaction, business or contact with Massachusetts.
Alpha Adhesives, Inc. thereafter sold the subject machine to Jeffco Fibres, Inc. In order to effectuate the sale and transfer of the subject machine from Wisconsin to Webster, Massachusetts a private trucking company was hired, which company picked up the equipment in Wisconsin and transported it to Webster, *412 Massachusetts. This transaction involving New Century Transportation, Inc. involved Alpha Adhesives, Inc. hiring New Century Transportation, Inc. with New Century assigning a driver who physically drove to Wisconsin, had paperwork signed by a C3 Corporation employee at which time the subject machine was placed onto a vehicle and physically removed from Wisconsin and delivered to Webster, Massachusetts.
In addition, C3 Corporation has a website wherein C3 Corporation markets its products and solicits business to companies doing business in North America. This solicitation includes solicitation to Massachusetts corporations. In addition, this website is more than “providing information” but goes further and provides telephone numbers wherein prospective clients can speak directly with representatives of C3 Corporation for the expressed purpose of soliciting their business in whatever venues the website reaches. See, Roberts v. Legendary Marine, 447 Mass. 860, 865 (2006).
In addition, C3 Corporation in the summer of 2006 had direct business involvement with a Kadant corporation, an entity whose offices are in Auburn, Massachusetts. This business contact involved multiple negotiations, at least one trip by C3 Corporation to Massachusetts, five sales of “automated steam foil systems” and total business revenues in the amount of $150,000.00.
DISCUSSION
This case factually closely resembles the case of Heins v. Wilhelm Loh Wetzlar Optical Mach. GMBH, 26 Mass.App.Ct. 14 (1988). The factual findings as set forth above established that C3 Corporation is substantially soliciting business within the Commonwealth, is transacting business in the Commonwealth and is deriving substantial economic benefit and/or revenues from its transacting business in the Commonwealth. The factual findings in this matter establish that C3 Corporation, based on its contacts with the Commonwealth and the economic benefits derived therefrom, should be well aware that they may be subject to personal jurisdiction in Massachusetts such that they should be prepared to defend litigation such as the present lawsuit involving a personal injuiy allegedly due to a defective machine manufactured, marketed and sold by C3 Corporation. The Court finds that the contacts established and as set forth above meet the requirements of fairness as defined by the due process clause of the United States Constitution and as defined by the case law relevant thereto. The defendants had cited the Court to Roberts v. Legendary Marine, 447 Mass. 860 (2006). However, the facts in the present case are easily distinguished from those in Roberts and as set forth above the facts in the present case more closely resemble the Heins case.
CONCLUSION
Based on the above Court findings and analysis, the defendant, C3 Corporation’s motion for summary judgment and/or to dismiss the plaintiffs’ complaint based on a lack of personal jurisdiction is herewith DENIED.