Curran, Dennis J., J.
The defendant Stargazer Sailing Charters, LLC has moved to dismiss the complaint brought by Schooner Liberty Clipper, Inc. for lack of jurisdiction. After reviewing the relevant pleadings and a hearing, this motion must be ALLOWED.
FACTUAL BACKGROUND
Schooner Liberty books yachting cruises, world-wide. Last spring, it contracted for a yacht to conduct four one-week cruises starting in April and ending in June. A boating accident damaged the yacht and suddenly, Schooner Liberty was without a vessel, facing potentially disgruntled travelers who had already paid for, and booked, the four cruise weeks. All of the cruises were to occur in the Caribbean. Schooner scrambled to find a replacement vessel and after a telephone call it placed to Stargazer Sailing, a New Hampshire-based company, a verbal agreement between representative companies was reached to substitute a Stargazer vessel for the emergency situation that faced Schooner Liberty.
After just one week of their business relationship, Stargazer thought better of its arrangement, proposed an alternative plan, to which Schooner objected, and Stargazer pulled out of the relationship. Schooner now sues Stargazer in Massachusetts.
Stargazer is a New Hampshire-based entity, with only the barest of connection to Massachusetts, based singly on the one-time, isolated transaction between these two corporate entities. Instead, Stargazer:
does not conduct business in Massachusetts;
has no office in Massachusetts;
is not incorporated in Massachusetts;
has no bank account in Massachusetts;
has no employees in Massachusetts;
does not ship any products to Massachusetts;
has no telephone listing in Massachusetts; and
has no mailing address in Massachusetts.
The only nexus between Stargazer and Massachusetts consists of between four (the defendant’s version) and eight (the plaintiffs position) telephone calls between the parties and an email string in which Schooner Liberty, a Massachusetts-based entity, sought to enlist, solicit and firm up Stargazer’s business assistance in an emergent situation.
This was a one-time, isolated relationship. Both counsel acknowledge that it is highly unlikely the companies will ever do business with each other again. All of the services Stargazer was to provide were to occur on a yacht that departed from the United States Virgin Islands and returned to that very same destination.
DISCUSSION
The plaintiff bears the burden of proving jurisdiction once that issue has been raised by the defendant. The only aspect of the Massachusetts Long-Arm statute at possible issue here is whether Schooner Liberty’s claim arose from the transaction of business by Stargazer. But here the transaction was not consummated in Massachusetts; it was effectuated by a telephone call placed by Schooner; it was Schooner that initiated many, if not most, of the follow-up telephone calls; and this was a one-time, not likely to recur, *239 contract. It was isolated, and although the value of the contract was $40,000, it cannot be said to have had anything but a peppercom-sized impact on Massachusetts commerce.
This is a simple breach of contract claim; dressing the complaint with fraud, misrepresentation and defamation allegations does not change the gist of Schooner’s claim. For decisional authority supporting the Court’s conclusion, see Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 154 (1978); Roberts v. Legendary Marine Sales, 447 Mass. 860, 863 (2006); Fern v. Immergut, 55 Mass.App.Ct. 577, 585 (2002); and National Medical Care u. Home Med. of America, 2002 Super. LEXIS 338 at *7-8 Mass .Super. Ct. August 9, 2002) [15 Mass. L. Rptr. 127).
ORDER
For these reasons, there is no jurisdiction over Stargazers Sailing Charters, LLC in Massachusetts. The complaint must, therefore, be DISMISSED forthwith.